UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TORRES LUA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-001594-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant Daniel Torres Lua has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. On February 26, 2020, we heard argument from the parties.[1] Having reviewed the record and considered the arguments raised by the parties, we will affirm the decision of the administrative law judge ("ALJ").

On appeal, we ask whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; we will not substitute our judgment for that of the Commissioner. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Claimant seeks remand, arguing that the ALJ made three errors: (1) discounting the opinion of consulting examiner Ekram Michiel, a psychiatrist, (2) discounting the opinion of

---

[1] Both parties are represented by counsel.

1

nurse Stella Adesokan, and (3) discounting the opinions of chiropractor Mark Simons and nurse Donald Pacheco.

Claimant's strongest argument is his first. Dr. Michiel, who examined claimant at SSA's request, supplied SSA with a medical opinion that was contradicted by at least one other doctor's opinion. The ALJ was not required to accept Dr. Michiel's opinion, but she could not reject it without giving "specific and legitimate reasons" for doing so. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

The ALJ's justifications for giving "little weight" to Dr. Michiel's opinion were not copious. She wrote:

> I give this report and opinion little weight, as the treatment record does not support that the claimant's mental symptoms are severe enough to cause work-related restriction. In addition, I note that the claimant did not mention mental limitations at the hearing.

AR 24. Standing alone, this explanation—or at least its first sentence—is troublingly sparse and generic. The explanation does not, however, stand alone. We consider it in the context of the remainder of the ALJ's opinion, which includes, at an earlier point, a detailed explanation of how the ALJ interpreted claimant's mental health "treatment record":

> The claimant reports limited activities due to physical problems and neither [he] nor his representative discussed any mental health impairments at the hearing. The mental health treatment records do not indicate that the claimant takes medication, he presented with normal mental status with intact memory and a pleasant mood, and he reported that his depression was minimal and his anxiety was manageable. In addition, the claimant appears to have a social life.

AR 20 (omitting four record cites). The treatment record, as interpreted by the ALJ, stands in contrast with Dr. Michiel's opinion—which the ALJ later described in some detail. *See* AR 24. While it is not our job to cobble together a "specific and legitimate" justification from fragments scattered throughout an ALJ's opinion, neither do we demand perfect wordsmithing. "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate

2

inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). In this case, we find that the above-quoted passages work hand in hand and provide the necessary justification for the ALJ's discounting of Dr. Michiel's opinion.

The remaining opinions cited by claimant are all considered "lay opinions," and the ALJ is permitted to disregard any of them if she provides "germane" reasons for doing so—a much lower bar. *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Regarding nurse Adesokan, the ALJ discussed her opinions at some length and then stated that she found the nurse's opinion to be "inconsistent with the minimal objective findings and limited complaints of mental symptoms." AR 25. The ALJ "also note[d] that [nurse Adesokan] has only treated the claimant since January 2017," and that claimant had "minimal mental health treatment and symptoms." *Id.* These additional comments contain a factual error: in truth, the parties agree, Adesokan started treating claimant in January 2016, not in January 2017. Whether or not the discrepancy is significant—and not a typo, as defendant suggests—it does not undermine the ALJ's other reasons for discounting Adesokan's opinion. Setting the discrepancy aside, the opinion still contains germane reasons that are sufficient to discount Adesokan's opinion. Any error here was harmless.

As for the opinions of chiropractor Simons, the ALJ found some to be "very vague with regard to claimant's limitations" and indicated that they appeared inaccurate because they conflicted with other evidence in the record. AR 23. She also stated that she found one of Simons's opinions "not consistent with the limited objective findings and good results from medication." AR 24. The ALJ discounted nurse Pacheco's opinion for the same reasons that she discounted chiropractor Simons's opinion, and also because Pacheco did not indicate the number of days of work that claimant would miss each month. *Id*. These stated rationales pass muster as "germane."

For the reasons stated in this order and on the record at oral argument, we find that the ALJ's decision is supported by substantial evidence and that claimant has identified no harmful legal error in the ALJ's analysis. We deny claimant's appeal from the administrative decision of the Commissioner of Social Security and direct the clerk of court (1) to enter judgment in favor of

3

defendant and against claimant Daniel Torres Lua, and (2) to close this case.

IT IS SO ORDERED.

Dated:  March 9, 2020                             _____
                                                  UNITED STATES MAGISTRATE JUDGE

No. 200.